UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POROTESANO FAAPOULI,<br><br>        Plaintiff,<br><br>   v.<br><br>COUNTY OF FRESNO,<br><br>        Defendant. | 1:09-cv-0907 OWW SMS<br><br>SCHEDULING CONFERENCE ORDER<br><br>Discovery Cut-Off: 3/16/10<br><br>Non-Dispositive Motion Filing Deadline: 4/1/10<br><br>Dispositive Motion Filing Deadline: 4/16/10<br><br>Settlement Conference Date: 5/5/10 10:00 Ctrm. 7<br><br>Pre-Trial Conference Date: 6/14/10 11:00 Ctrm. 3<br><br>Trial Date: 7/13/10 9:00 Ctrm. 3 (JT-5 days) |

I.   Date of Scheduling Conference.

    September 16, 2009.

II.  Appearances Of Counsel.

    John P. Buchko, Esq., appeared on behalf of Plaintiff.

    William F. Mar, Jr., Esq., appeared on behalf of Defendant.

III. Summary of Pleadings.

    1.   This is an action under the Uniformed Services Employment and Re-employment Rights Act, 38 U.S.C. § 4301, et

1

seq. ("USERRA").  Plaintiff Porotesano Faapouli contends that the Defendant, Fresno County, willfully violated USERRA by failing to promptly re-employ him when he returned from active military duty and by failing to place him in a position of equivalent seniority, status, and pay to the position he held before his military service.  As relief, Plaintiff seeks re-employment in a position of equivalent seniority, status, and pay to the position he held before his military service, with an appropriate accommodation for his disability, if necessary; back wages and benefits from the time he first sought re-employment with Defendant less mitigation; prejudgment interest; and liquidated damages.

    2.   Defendant County of Fresno contends that Plaintiff returned from active duty with a medical condition that prevented him from performing an essential function of the position he had held, and that in following Plaintiff's desire to return to that position, allowed him time to recover and his doctor opportunity to clear him to perform that function.  When it appeared unlikely that his doctor would clear him, and after trying to get guidance and assistance from the Department of Labor, the County promptly re-employed him in a position which was the nearest approximation in terms of seniority, status, and pay, to the position he would have held had his employment been uninterrupted.  The County prays that Plaintiff be denied relief and that he take nothing by this action.

IV.  Orders Re Amendments To Pleadings.

    1.   The parties do not anticipate amending the pleadings at this time.

**V.   Factual Summary.**

   **A.   Admitted Facts Which Are Deemed Proven Without Further Proceedings.**

      1.   Plaintiff is a citizen of the United States and was employed by the County of Fresno commencing in April 1999.

      2.   By June 2004, Plaintiff was a Senior Juvenile Correctional Officer ("Senior JCO") in Defendant's Probation Office.

      3.   As a member of the U.S. Navy Reserve, Plaintiff was called to active duty on June 14, 2004.

      4.   Plaintiff informed County Personnel Analyst Nancy Aragon of his activation to active duty.

      5.   While on active duty Plaintiff suffered a serious injury that required several surgeries and an extended period of recuperation.

      6.   Plaintiff County notified County Personnel Officer Tina Young that his deployment was being extended because of his injuries and recuperation.

      7.   Plaintiff was released from active duty in September 2007, and on September 21, 2007, met with Defendant to discuss re-employment.

      8.   He presented a form from the Navy entitled "Findings of the Physical Evaluation Board Proceedings," which found him to be presently physically disabled for military service for reasons stated in the report.

      9.   Defendant did not re-employ Plaintiff on September 21, 2007.

      10.   Defendant informed Plaintiff that he needed to

submit a County ADA/FEHA Accommodation Information form completed by his doctor regarding his physical limitations.

11.  Plaintiff signed a Fresno County Request for Unpaid Leave of Absence covering the period between September 17, 2007 and December 17, 2007.

12.  Plaintiff submitted the Accommodation Information form to Defendant in December 2007.

13.  Plaintiff attempted to meet with Defendant to discuss his re-employment, but Defendant did not meet with Plaintiff due to holiday schedules and the need to consult with risk management until February 12, 2008.

14.  On that day, Probation Department Personnel Manager Vicki Passmore told Plaintiff that it appeared he was no longer able to perform the Senior JCO duties because of his restrictions, and suggested his doctor complete another Accommodation Information form.

15.  The parties met again on March 6, 2008, at which time Passmore offered Plaintiff a Probation Technician I position, which Plaintiff rejected.

16.  During this meeting, Aragon told Plaintiff that he could apply for disability retirement to offset the difference in pay.

17.  Passmore offered the Probation Tech I job again on May 15, 2008, and Plaintiff again rejected the offer.

18.  Defendant suggested Plaintiff might be qualified for a Defense Investigator I position, but Plaintiff was required to competitively interview for the job and was not selected.

19.  At a May 30, 2008, meeting, Defendant asked

1  Plaintiff to sign another Request for Unpaid Leave of Absence,
2  which Plaintiff refused to do.
3           20.  Defendant also suggested Plaintiff might be
4  qualified for a Job Specialist I position.
5           21.  Plaintiff was required to competitively interview
6  for the Job Specialist I job and he was selected for the opening.
7           22.  Plaintiff began working as a Job Specialist I on
8  June 30, 2008.
9           23.  The Job Specialist I position paid $21.53 per
10 hour.  At the time, the Senior JCO position paid $28.09 per hour.
11     B.   Contested Facts.
12          1.   Whether Defendant promptly re-employed Plaintiff.
13          2.   Whether Defendant re-employed Plaintiff in the
14 appropriate position when it re-employed him as a Job Specialist
15 I.
16          3.   Whether Defendant's actions were willful.
17          4.   Whether in September 2007, Plaintiff himself
18 requested additional unpaid medical leave to recuperate from his
19 active duty injuries.
20          5.   Whether Plaintiff failed to mitigate his damages.
21 VI.  Legal Issues.
22     A.   Uncontested.
23          1.   Jurisdiction exists under 28 U.S.C. § 1331 and
24 USERRA is applicable federal law.
25          2.   Venue is proper under 28 U.S.C. § 1391.
26     B.   Contested.
27          1.   All remaining legal issues are contested.
28 *///*

**VII. Consent to Magistrate Judge Jurisdiction.**

    1.    The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

**VIII.    Corporate Identification Statement.**

    1.    Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities.  A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

**IX.    Discovery Plan and Cut-Off Date.**

    1.    The parties have made their initial disclosures.

    2.    The parties are ordered to complete all discovery on or before March 16, 2010.

    3.    The parties are directed to disclose all expert witnesses, in writing, on or before January 8, 2010.  Any rebuttal or supplemental expert disclosures will be made on or before February 8, 2010.  The parties will comply with the provisions of Federal Rule of Civil Procedure 26(a)(2) regarding their expert designations.  Local Rule 16-240(a) notwithstanding, the written designation of experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder.  Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

    4.    The provisions of F. R. Civ. P. 26(b)(4) shall

apply to all discovery relating to experts and their opinions. Experts may be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions.

X.   Pre-Trial Motion Schedule.

   1.   All Non-Dispositive Pre-Trial Motions, including any discovery motions, will be filed on or before April 1, 2010, and heard on May 7, 2010, at 9:00 a.m. before Magistrate Judge Sandra M. Snyder in Courtroom 7.

   2.   In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 142(d).  However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

   3.   All Dispositive Pre-Trial Motions are to be filed no later than April 16, 2010, and will be heard on May 17, 2010, at 10:00 a.m. before the Honorable Oliver W. Wanger, United States District Judge, in Courtroom 3, 7th Floor.  In scheduling such motions, counsel shall comply with Local Rule 230.

XI.  Pre-Trial Conference Date.

   1.   June 14, 2010, at 11:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

   2.   The parties are ordered to file a Joint Pre-Trial Statement pursuant to Local Rule 281(a)(2).

   3.   Counsel's attention is directed to Rules 281 and 282 of the Local Rules of Practice for the Eastern District of California, as to the obligations of counsel in preparing for

7

the pre-trial conference.  The Court will insist upon strict compliance with those rules.

XII. Motions - Hard Copy.

    1.   The parties shall submit one (1) courtesy paper copy to the Court of any motions filed that exceed ten pages and any motions that have exhibits attached.  Exhibits shall be marked with <u>protruding numbered or lettered tabs</u> so that the Court can easily identify such exhibits.

XIII.  Trial Date.

    1.   July 13, 2010, at the hour of 9:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.   This is a jury trial.

    3.   Counsels' Estimate Of Trial Time:

        a.   5 days.

    4.   Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

XIV. Settlement Conference.

    1.   A Settlement Conference is scheduled for May 5, 2010, at 10:00 a.m. in Courtroom 7 before the Honorable Sandra M. Snyder, United States Magistrate Judge.

    2.   Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms at the conference.

    3.   Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy

8

to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in person would constitute a hardship.  If telephone attendance is allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences. Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

     4.   Confidential Settlement Conference Statement. At least five (5) days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement.  The statement should not be filed with the Clerk of the Court nor served on any other party.  Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.  Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

     5.   The Confidential Settlement Conference Statement shall include the following:

        a.   A brief statement of the facts of the case.

        b.   A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

        c.    A summary of the proceedings to date.

        d.    An estimate of the cost and time to be expended for further discovery, pre-trial and trial.

        e.    The relief sought.

        f.    The parties' position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

XV.   Request For Bifurcation, Appointment Of Special Master, Or Other Techniques To Shorten Trial.

    1.    None.

XVI.  Related Matters Pending.

    1.    There are no related matters.

XVII. Compliance With Federal Procedure.

    1.    The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.  To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

XVIII. Effect Of This Order.

    1.    The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by

1 subsequent scheduling conference.
2     2.   Stipulations extending the deadlines contained
3 herein will not be considered unless they are accompanied by
4 affidavits or declarations, and where appropriate attached
5 exhibits, which establish good cause for granting the relief
6 requested.
7     3.   Failure to comply with this order may result in
8 the imposition of sanctions.

IT IS SO ORDERED.

**Dated:   September 16, 2009**          **/s/ Oliver W. Wanger**
                                             UNITED STATES DISTRICT JUDGE