ESTHER G. LANDER, Deputy Chief
JOHN P. BUCHKO, Trial Attorney
LESLIE M. GARDNER, Trial Attorney
U.S. Department of Justice
Civil Rights Division
Employment Litigation Section
950 Pennsylvania Avenue, NW, PHB 4040
Washington, DC  20530
Telephone: (202) 305-1528
Facsimile: (202) 514-1005
Email: John.Buchko@usdoj.gov

Attorneys for Plaintiff

KEVIN B. BRIGGS
Interim County Counsel
WILLIAM F. MAR, JR.
Senior Deputy County Counsel
Fresno County Counsel's Office
2220 Tulare Street, 5th Floor
Fresno, California 93721
Telephone: (559) 488-3479
Facsimile: (559) 488-1900
Email: bmar@co.fresno.ca.us

Attorneys for Defendant

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

# FRESNO DIVISION

POROTESANO FAAPOULI,

    Plaintiff,

v.

COUNTY OF FRESNO,

    Defendant.

Civil No.  1:09-cv-00907-OWW-SMS

Hon. Oliver W. Wanger

**STIPULATED PROTECTIVE ORDER
AGAINST UNAUTHORIZED USE OR DISCLOSURE
OF CONFIDENTIAL INFORMATION AND DOCUMENTS**

**WHEREAS**, discovery sought in this action by Plaintiff Porotesano Faapouli and Defendant Fresno County may require the production of medical information or records that one or both of the parties believe to be confidential; and

**WHEREAS**, the parties have agreed to the entry of this Order governing the designation and protection of such information and documents,

**IT IS HEREBY ORDERED** as follows:

    1.    In accordance with the provisions set forth below, the Court intends that

confidential medical information and records produced, obtained or exchanged in the course of this action shall be used by the parties to whom such information and records are produced, obtained or exchanged solely for the purpose of this lawsuit and for no other reason.

2. Any medical document produced or exchanged between the parties, and any medical information contained in discovery, including but not limited to deposition testimony and deposition exhibits, which a party believes is protected from disclosure under applicable law or rule, may be designated as "Confidential." All documents and information so designated and all copies thereof (hereinafter referred to as "Confidential Information"), shall be treated as confidential and shall not be disclosed except as provided in this Order; provided, however, that counsel for the party designating information as Confidential may, in writing and without Court approval, agree to release any of the Confidential Information from the requirements of this Order; and provided further that nothing in this Order shall prevent any party from challenging the designation of any document or information as Confidential.

3. Confidential Information shall be produced only to counsel of record in this action, each of whom is bound by the terms of this Order.

4. Neither the Confidential Information nor its contents shall be disclosed to any other person without the agreement of the party designating such information as Confidential, except that counsel may, without further agreement, disclose the Confidential Information or its contents to the following persons for use solely in connection with this action under the following conditions:

    a. Attorneys, legal assistants, legal clerks/interns, and other employees of the parties who have a need to handle the Confidential Information under normal office procedure;

    b. Experts or consultants retained by the parties with respect to this action;

    c. Any person:

        (1) from whom testimony has been taken or is reasonably expected to be taken in this action by deposition or at trial; and

|   |   |   |
|---|---|---|
| 1 |   | (2) who is the subject of the Confidential Information or who is reasonably expected to testify about the Confidential Information; |
| 3 |   | (3) and only to the extent reasonably necessary to assist counsel in this litigation or for counsel to advise the person with respect to the litigation; |
| 5 | d. | this Court and its staff; |
| 6 | e. | Any court reporters present in their official capacity at any hearing, deposition or other proceeding in this action; |
| 8 | f. | Defendant's employees who have reason to deal with, come in contact with, or handle the Confidential Information in their normal course of business. |

5.   Each person to whom Confidential Information is disclosed pursuant to paragraphs 4(a)-(c) shall first be shown a copy of this Order, shall further be advised of the obligation to honor the confidentiality designation, and, for individuals listed in paragraphs 4(a)-(c) above, shall be required to sign the Certificate of Consent and Agreement attached hereto as Exhibit A.

6.   Any party may designate a document as Confidential pursuant to the terms of this Order by affixing to each page thereof a stamp with the legend "CONFIDENTIAL" and producing to the other party the stamped copy of the document.

7.   Any party may also designate portions of a deposition as Confidential Information by notifying the other party of the portions that are designated as Confidential, either during the course of the deposition by clearly indicating on the record which portion(s) are designated Confidential, or, in writing, within twenty (20) days of the receipt of the deposition transcript for depositions not yet taken at the time of the execution of this Protective Order, and within twenty (20) days of the execution of this Protective Order for depositions already taken at the time of such execution. All depositions shall be treated as confidential from the time of the deposition through the relevant twenty (20) day period. Confidential Information within the deposition transcript must be designated by underlining the portions of the pages that are confidential and marking such pages with the following: "CONFIDENTIAL - SUBJECT TO

PROTECTIVE ORDER," unless designation of Confidential Information was clearly made on the record during the course of deposition.

8. Confidential Information shall be used solely for the purpose of prosecution or defense in this action, and such documents and information may be used, consistent with the terms of this Order, in pretrial discovery and at the trial or preparation for trial and any appeal of this action. Either party may file, prior to trial, a motion in *limine* restricting use of Confidential Information at trial.

9. Producing or receiving materials or otherwise complying with the terms of this Order shall not:

    a. operate as an admission by any party that any particular discovery material contains or reflects any Confidential Information; or

    b. prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery or otherwise protected from or limited in discovery on the basis of privilege or otherwise; or

    c. prejudice in any way the rights of a party to seek a court determination whether particular discovery materials should be produced or considered confidential; or

    d. prejudice in any way the rights of a party to apply to the Court for any additional protection with respect to the confidentiality of documents or information as that party may consider appropriate.

10. Any party wishing to use Confidential Information produced or generated by another party in any brief, memorandum, affidavit, declaration or other paper filed with the Court shall file all such affidavit(s), declarations(s), exhibit(s), or other paper(s), and any portion of any brief or memorandum referring or alluding to said Confidential Information under seal. The Clerk shall accept for filing under seal any documents or filing so marked by the parties pursuant to the above paragraphs.

11. A non-designating party may challenge the other party's designation of

information or documents as Confidential within five (5) days after conferring with the designating party to seek a mutually acceptable resolution of the issue.  If no such voluntary resolution occurs, the non-designating party may move the Court to remove the Confidential designation.  If such a motion is filed, the party seeking confidentiality has the burden of establishing the confidential nature of the information or documents so designated.  The opposing party shall file its opposition within ten (10) business days from the date the motion is filed.  If no such opposition is filed, the designation challenged will be deemed waived.  If such an opposition is filed, the moving party has seven (7) business days to file a reply brief.

12. If a party designates information or documents as confidential that have already been disclosed by the non-designating party to individuals not covered by this Protective Order, the non-designating party shall make all reasonable efforts to seek the return of the Confidential Information, shall show this Protective Order to the recipient of such Confidential Information and advise them of the obligation to honor the confidentiality designation and not to further disclose the confidential information or documents, or the contents thereof, and shall inform the designating party of the person(s) to whom such disclosures were made.

13. The Confidentiality provisions of this Order shall survive any settlement, judgment or other disposition or conclusion of this action, and all appeals therefrom, and this Court shall retain continuing jurisdiction in order to enforce the terms of this Order.  Within sixty (60) days of the conclusion of this litigation, including any appeals which may be filed, each party will return to the other all Confidential Information, including copies, received from the other during the course of this litigation, or shall destroy all Confidential Information, both paper and electronic, and certify in writing to counsel that the Confidential Information has been destroyed.  However, Confidential Information found, filed, or collected in Plaintiff's personnel file in the normal course of his employment with Defendant shall remain there intact.

14. Any party may at any time and for any reason seek modification of this Protective Order.  This Protective Order can be modified only by written agreement of the parties or by Order of this Court.  Each party reserves the right to object to any party's motion or request to modify this Protective Order.

Done and ordered this 16th day of November, 2009.

                                                _/s/ OLIVER  W. WANGER
                                                JUDGE OLIVER W. WANGER
                                                United States District Court
                                                Eastern District of California

| AGREED TO BY: | AGREED TO BY: |
|---|---|
| /s/ John P. Buchko | /s/ William F. Mar (by filing attorney with permission of defendant's attorney) |
| ESTHER G. LANDER | KEVIN B. BRIGGS |
| (DC Bar No. 461316) | Interim County Counsel |
| Deputy Chief | WILLIAM F. MAR, JR. |
| JOHN P. BUCHKO | Senior Deputy County Counsel - SBN 116785 |
| (DC Bar No. 452745) | Fresno County Counsel's Office |
| Trial Attorney | 2220 Tulare Street, 5th Floor |
| LESLIE GARDNER | Fresno, California 93721 |
| (CA Bar 228693) | Telephone: (559) 488-3479 |
| Trial Attorney | Facsimile: (559) 488-1900 |
| U.S. Department of Justice | Email: bmar@co.fresno.ca.us |
| Civil Rights Division | |
| Employment Litigation Section | |
| 950 Pennsylvania Ave., NW | |
| PHB 4916 | |
| Washington, DC 20530 | |
| Telephone: (202) 305-1528 | |
| Facsimile: (202) 514-1005 | |
| Email: John.Buchko@usdoj.gov | |
| Counsel for Plaintiff | Counsel for Defendant |

**EXHIBIT A**

**CERTIFICATE OF CONSENT AND AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER IN POROTESANO FAAPOULI V. COUNTY OF FRESNO**

I, _____ hereby acknowledge that:

1. I have received a copy of the Stipulated Protective Order (the "Protective Order") regarding Confidential Information.

2. I have reviewed the Protective Order.

3. I agree to be bound by the terms of the Protective Order and specifically agree that I will not use, disclose, distribute or otherwise make public any information or documents designated as Confidential Information (as defined in the Protective Order) other than as allowed by the Protective Order.

_____    _____
Print Name                         Sign Name