IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

POROTESANO FAAPOULI, )
)
Plaintiff, )
)
v. ) Civil No. 1:09-cv-00907-OWW-SMS
)
COUNTY OF FRESNO, )
)
Defendant. )
)

**CONSENT DECREE**

1. This matter is before the Court for entry of this judgment by consent of all parties to effectuate a compromise and settlement of all claims. After review and consideration, the Court believes that entry of this judgment is in the interest of justice.

2. Plaintiff Porotesano Faapouli ("Faapouli") commenced this action in the United States District Court for the Eastern District of California, alleging that defendant County of Fresno ("Fresno") violated the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4301 *et seq.* ("USERRA") by failing to promptly and properly reemploy him following his service with the Navy.

3. As a result of settlement discussions, Faapouli and Fresno have resolved their differences and have agreed that this action should be settled by entry of this Consent Decree ("Decree"). It is the intent of the parties that this Decree be a final and binding settlement in full disposition of any and all claims alleged in the Complaint filed in this case.

## **STIPULATED FACTS**

4. Pursuant to USERRA, the parties acknowledge the jurisdiction of the United States District Court for the Eastern District of California over the subject matter of this action and of the parties to this case for the purpose of entering this Decree and, if necessary, enforcing this Decree.

5. Venue is proper in this district for purposes of this Decree and any proceedings related to this Decree. Fresno agrees that all statutory conditions precedent to the institution of this lawsuit have been fulfilled.

## **FINDINGS**

6. Having examined the terms and provisions of the Decree, the Court finds the following:

   a. The Court has jurisdiction over the subject matter of this action and the parties to this action.

   b. The terms and provisions of this Decree are lawful, fair, reasonable and just. The rights of Faapouli and Fresno are protected adequately by this Decree.

   c. This Decree conforms with the Federal Rules of Civil Procedure and USERRA, and is not in derogation of the rights and privileges of any person.

   d. The entry of this Decree will further the objectives of USERRA, and will be in the best interests of the parties.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

## **NON-ADMISSION**

7. This Decree, being entered with the consent of Faapouli and Fresno, shall not constitute an adjudication or finding on the merits of the case and shall not be construed as an admission by Fresno of any violations of USERRA, or any other law, rule or regulation dealing with or in connection with equal employment opportunities.

## NON-RETALIATION

8. Fresno shall not take any action against any person, including but not limited to Faapouli, that constitutes retaliation or interference with the exercise of such person's rights under USERRA because such person gave testimony or assistance or participated in any manner in any investigation or proceeding in connection with this case.

## REMEDIAL REQUIREMENTS

9. Without admitting the allegations as set forth in the Complaint, and in settlement of the claims of Faapouli, Fresno shall, within twenty (20) business days from the date of entry of this Decree, pay Faapouli $57,000 in back wages, from which appropriate income tax withholdings and statutory deductions shall be made by Fresno and paid to the appropriate governmental agencies. Fresno is separately responsible for paying its portion of any Social Security tax and other applicable federal, state, and local employer-side taxes due on the monies paid to Faapouli, and shall not deduct its portion of such taxes from the amount paid to Faapouli.

Fresno shall pay the required amount to Faapouli by mailing a check to the following address:

> Porotesano Faapouli
> 438 North Phillip Avenue
> Fresno, California 93727

Fresno shall provide documentary evidence of having paid Faapouli by mailing a photocopy of the check evidencing payment to the following address within 20 days of payment to Faapouli:

John P. Buchko
United States Department of Justice
950 Pennsylvania Avenue, N.W.
PHB, Room 4040
Washington, D.C. 20530

10. For and in consideration of the relief being provided to him as described in paragraph 9 of this Decree, Faapouli releases and discharges Fresno from the claims identified in the Complaint filed in this case and the complaint Faapouli filed with the U.S. Department of Labor, complaint number CA-2008-00041-20-R, and those claims identified in a separate release agreement between Faapouli and Fresno.

### DISPUTE RESOLUTION AND COMPLIANCE

11. The parties shall engage in good faith efforts to resolve any dispute concerning compliance prior to seeking review by the Court. Upon motion of either party, the Court may schedule a hearing for the purpose of reviewing compliance with this Decree. The parties shall be required to give notice to each other ten court days before moving for review by the Court. All parties may conduct expedited discovery under the Federal Rules of Civil Procedure for the purpose of determining compliance with this Decree or defending against a claim of non-compliance.

### MISCELLANEOUS

12. All parties shall bear their own costs and expenses of litigation, including attorneys' fees.

13. The Court shall retain jurisdiction and shall have all available equitable powers, including injunctive relief, to enforce this Decree.

14. If any provision of this Decree is found to be unlawful, only the specific provision in question shall be affected, and the other provisions will remain in full force and effect.

15. The terms of this Decree are and shall be binding upon the present and future directors, employees, agents, administrators, successors, representatives, and assigns of defendants and upon heirs, successors, and assigns of Faapouli.

16. This Decree constitutes the entire agreement and commitments of the parties. Any modifications to this Decree must be mutually agreed upon and memorialized in a writing signed by Faapouli and Fresno.

1  17. The effective date of this Decree shall be the date upon which it is entered by the Court.

2  18. This Decree shall expire, and this action shall be dismissed, without further order of this Court, one year after the date of entry of this Decree.

APPROVED and ORDERED this _2nd_ day of _March_, 2010.

_____
UNITED STATES DISTRICT JUDGE

1

2  /s/ Porotesano Faapouli
   POROTESANO FAAPOULI
3

4
   /s/ John M. Gadzichowski                        /s/ Kevin B. Briggs
5  JOHN M. GADZICHOWSKI, Chief                     KEVIN B. BRIGGS
   (WI Bar No. 1014294)                            County Counsel
6  ESTHER G. LANDER, Deputy Chief                  WILLIAM F. MAR, JR.
   (DC Bar No. 461316)                             Chief Deputy County Counsel
7  JOHN P. BUCHKO, Trial Attorney                  Fresno County Counsel's Office
   (DC Bar No. 425745)                             2220 Tulare Street, 5th Floor
8  LESLIE M. GARDNER, Trial Attorney               Fresno, California 93721
   (CA Bar No. 228693)                             Telephone: (559) 488-3479
9  U.S. Department of Justice                      Facsimile: (559) 488-1900
   Civil Rights Division                           Email: Bmar@co.fresno.ca.us
10 Employment Litigation Section
   Patrick Henry Building, Room 4040               Attorneys for Defendant
11 950 Pennsylvania Avenue, NW
   Washington, DC 20530
12 Telephone: (202) 305-1528
   Facsimile: (202) 514-1005
13 Email: John.Buchko@usdoj.gov

14 Attorneys for Plaintiff

15

16

17

18

19

20

21

22

23

24

25

26

27

28